UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN MALBERG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT CASHEN, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01788-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF No. 11] |

Plaintiff Martin Malberg ("Plaintiff") brings this action *pro se* against Defendants Robert Cashen, Allison Dundas, and Christine Guerra (collectively, "Defendants"), who represented Plaintiff's wife during their divorce proceedings in state court, as well as Temo Gonzalez, the police officer who enforced the restraining order Plaintiff's wife obtained against him.[1] Plaintiff alleges that Defendants violated his First Amendment rights by seeking—on behalf of his wife—an allegedly unconstitutional restraining order against him.

Defendants move to dismiss Plaintiff's Complaint under Rule 12(b)(6) ("Motion"), raising several arguments for dismissal. Defs.' Mot. Dismiss, ECF No. 11. For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss with LEAVE TO AMEND.

**I.　BACKGROUND**

On January 11, 2021, Plaintiff's wife filed a petition for dissolution and a request for a domestic violence restraining order against Plaintiff in the Superior Court of California, County of Santa Clara (the "Divorce Action"). Compl. Req. Inj. ("Compl.") § III(B), ECF No. 1; *see also*

---

[1] On July 7, 2022, Defendant Gonzalez was dismissed from this action for Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 21.

1 Req. Judicial Notice ("RJN"), Ex. B, ECF No. 11-2.[2] Defendants Robert Cashen and Allison
2 Dundas represented Plaintiff's wife in the Divorce Action, and Defendant Christine Guerra was a
3 legal assistant for Defendants Cashen and Dundas. Compl. § III(A)-(B).

4  The Santa Clara County Superior Court granted a domestic violence temporary restraining
5 order *ex parte* subject to a subsequent hearing, which was served on Plaintiff around January 28,
6 2021. *Id.* § III(B); *see also* Mot. 2-3. The restraining order hearing was continued several times
7 until it was finally heard on March 3, 2022, along with the trial in the Divorce Action, allegedly
8 without Plaintiff's consent or accommodating his request for a jury trial. Compl. § III(B); *see also*
9 Mot. 3. The restraining order issued by the Superior Court indicates that Plaintiff failed to appear
10 at the March 3, 2022 hearing. RJN, Ex. C ("Restraining Order"), at 2, ECF No. 11-2. Plaintiff
11 alleges that Defendants presented fabricated evidence and edited text messages at the hearing.
12 Compl. § III(B).

13  On March 4, 2022, the day after the hearing, the Superior Court entered a restraining order
14 against Plaintiff. *See* Restraining Order. On March 11, 2022, the Superior Court entered
15 judgment against Plaintiff. Mot. 3; *see also* RJN, Ex. B.

16  Shortly thereafter, on March 21, 2022, Plaintiff filed the present Complaint and Request
17 for Injunction *pro se* before this Court, naming as defendants his wife's counsel in the underlying
18 Divorce Action and the police officer who enforced the restraining order. Compl. § I(B). Plaintiff
19 seeks several types of injunctive relief, including an "emergency injunction" of the Divorce
20 Action's restraining order and income withholding order, vacatur of all judgments and nullifying
21 all orders in the Divorce Action, and a "strike down" of the allegedly unconstitutional California

---

[2] The Court GRANTS Defendants' Request for Judicial Notice of Exhibit A ("online register of actions" for Case No. 22-cv-01713-EJD, pending in this district), Exhibit B ("online register of actions" for family law case no. 21FL000043 in the County of Santa Clara Superior Court), and Exhibit C (restraining order issued in the proceedings set forth in Exhibit B). *See Cherewick v. State Farm Fire & Cas.*, 2022 WL 80429, at *14 (S.D. Cal. Jan. 7, 2022) ("It is well-established that courts may take judicial notice of the pleadings, filings, and court records of any court.").

1  Domestic Violence Prevention Act ("DVPA").  Compl. § V.  Plaintiff also seeks $2,477,171 in

2  damages from Defendants "to be donated to 'Defending the Public' organization."  *Id.*

3  Additionally, Plaintiff seeks prison time and arrest warrants against all Defendants.  *Id.*

**II.  LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of his claim.  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This standard does not ask a plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (internal quotation marks omitted).  The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008).

The Court should liberally construe the pleadings of *pro se* plaintiffs.  *See, e.g.*, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988).  However, *pro se* plaintiffs "must follow the same rules of procedure that govern other litigants." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014).

**III.  DISCUSSION**

**A.  42 U.S.C. § 1983**

Plaintiff first cites the First Amendment as a basis for federal question jurisdiction.  Compl. § II(A).  However, the First Amendment does not provide a direct cause of action; rather, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983," which Plaintiff does invoke here.  *See, e.g.*, *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  Accordingly, the Court will construe Plaintiff's invocation of the First

3

1   Amendment as the asserted right and basis for his claim under 42 U.S.C. § 1983.

2       "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988).

    Notwithstanding the question of whether private attorneys violated Plaintiffs' First Amendment rights by seeking DVPA relief for their client, the Court finds that Plaintiff has failed to satisfy the second element for § 1983 claims, *i.e.*, that Defendants acted under color of state law. Here, Defendants Cashen and Dundas are private attorneys, and Defendant Guerra is a legal assistant in a law firm. Mot. 2-3. Plaintiff, however, argues that Defendants acted under color of state law by virtue of their status as California attorneys. Pl.' Resp. Opp. ("Opp.") 6 ("Defendants #1-3 are agents of the Court via both their BAR of CA membership status, and their employed positions as legal counsel at law firm MTSA Law Group."), ECF No. 12. Although lawyers are held to be officers of the court, the U.S. Supreme Court has held this alone does not render a lawyer representing a client a "state actor" for the purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

    Plaintiff also argues that Defendants made themselves "Agents of the State of CA by placing their client into CA Family Protective Service (FPS) as a temporary ward of the State of California starting on January 11, 2021 and extended for 5 years on 3-3-22." Opp. 6. In the absence of specific clarifying information, Plaintiff appears to be referring to the temporary restraining order entered in the underlying Divorce Action on January 11, 2021 and subsequent Restraining Order following the hearing on March 3, 2022. *See id.* ("[Defendants'] client is the source of CA Family Law case 21FL000043 restraining order."); *see also supra* Section I. However, private attorneys do not become state actors simply by invoking state legal procedures (such as a restraining order under the DVPA) or being on the winning side of a lawsuit. *See Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988) ("Invoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy

4

section 1983's state action requirement."); *cf. Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge.").

The Court finds that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because he has not alleged facts showing that Defendants were acting under color of state law when they allegedly violated his First Amendment rights. Accordingly, the Court DISMISSES Plaintiff's § 1983 claim against Defendants.

### B. Federal Criminal Statutes

The Complaint also cites two federal criminal statutes for conspiracy to violate rights, 18 U.S.C §§ 241, 242, and Plaintiff's opposition refers to the federal criminal statute for seditious conspiracy, 18 U.S.C. § 2384. Compl. §§ II(A), V; Opp. 8. Plaintiff appears to seek criminal penalties against Defendants, including "maximum prison time," "criminal charges/trial referral for Treason," and "arrest warrants . . . to be executed by Federal Marshals." Compl. § V.

It is well-established that "private individuals lack standing to assert claims for relief based on criminal statutes." *Redmond v. United States*, No. 22-CV-01107-TSH, 2022 WL 1304472, at *3 (N.D. Cal. May 2, 2022) (listing cases); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability."); *Carmichael v. Cnty. of San Diego*, 2019 WL 6716728, at *6 (S.D. Cal. Dec. 10, 2019) (finding no private cause of action under 18 U.S.C. § 2384). To the extent Plaintiff attempts to bring Title 18 criminal charges and seek criminal penalties against Defendants, the Court will DISMISS such claims for lack of standing.

### C. U.S. Marshals Service Statute

Plaintiff also cites 28 U.S.C. § 566 as a basis for federal question jurisdiction, but this statute does not provide a private right of action and only sets forth the "Powers and Duties" of the U.S. Marshals Service. 28 U.S.C. § 566. "It is axiomatic that private rights of action must be created by Congress." *Greene v. Sprint Commc'ns Co.*, 340 F.3d 1047, 1050 (9th Cir. 2003). "[T]he statute must either explicitly create a private right of action or implicitly contain one." *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d 1106, 1115 (9th Cir. 2010). Here, the

5

Complaint appears to only reference § 566 in requesting the Court to issue arrest warrants for Defendants "to be executed by Federal Marshals per 28 U.S. Code § 566 for Treason." Compl. § V. The Court finds that there is neither an express nor implied private right of action in 28 U.S.C. § 566 and, therefore, will decline to recognize a claim arising from the federal marshals statute.

### D. Supplemental Jurisdiction

Because the Court has dismissed all federal grounds that the Complaint cites in support of federal question jurisdiction and Plaintiff does not invoke diversity jurisdiction (*see* Compl. § II), the Court has disposed of all claims over which it may have original jurisdiction.[3] "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Where, as here, all federal law bases cited in the Complaint have been dismissed, the Court may exercise—and will exercise—its discretion to decline supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, to the extent the Complaint purports to raise any unspecified or implied claims (such as for fraud or fabrication of evidence), the Court will DISMISS those claims WITHOUT PREJUDICE to Plaintiff's re-asserting those claims in state court.

---

[3] The Court notes that subject matter jurisdiction would not lie by virtue of an implied request for declaratory relief. *See* Compl. § V (requesting "strike down of CA 'Domestic Violence Prevention' statute, confirm[ing] it is unconstitutional ab initio"); *see also* Opp. 2-4 (arguing the DVPA's unconstitutionality). Although there is a federal statute providing declaratory relief as a remedy, "the Declaratory Judgment Act 'does not itself confer federal subject-matter jurisdiction.'" *Cnty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1216 (N.D. Cal. 2017) (quoting *Fid. & Cas. Co. v. Rsrv. Ins. Co.*, 596 F.2d 914, 916 (9th Cir. 1979)).

### E.  Leave to Amend

Although it is mindful of Plaintiff's status as a *pro se* litigant, the Court finds that the Complaint cannot be saved by amendment.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The law is clear that private attorneys invoking state legal procedures do not become state actors for purposes of § 1983 (*see Schucker*, 846 F.2d at 1205), and the law is even clearer that private plaintiffs do not have standing to bring criminal charges (*see Aldabe*, 616 F.2d at 1092).  Any amendment would be futile.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's Complaint is GRANTED, as follows:

1. The Complaint is DISMISSED as to any claim purportedly arising from the First Amendment; 42 U.S.C. § 1983; 18 U.S.C. §§ 241, 242, 2384; and 28 U.S.C. § 566, WITHOUT LEAVE TO AMEND.
2. The Complaint is DISMISSED as to any remaining unspecified or implied state law claim, WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE to re-filing in state court.

**IT IS SO ORDERED.**

Dated: September 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge

7