UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN MALBERG,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT CASHEN, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01788-BLF<br><br>**ORDER DENYING "NOTICE OF CONFLICT"** |

Before the Court is Plaintiff Martin Malberg's "Notice of Conflict," which the Court construes as a motion for recusal. Mot., ECF No. 68. Plaintiff's motion attaches a declaration stating the basis for Plaintiff's request. *Id.* at 2-3. For the reasons stated below, the Court DENIES Plaintiff's motion.

Plaintiff's motion for recusal is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides for recusal where a party files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." *Id.* Recusal is required only if the bias arose from an extrajudicial source. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988).

However, "[t]he simple filing of an affidavit does not automatically disqualify a judge." *United States v. Bray*, 546 F.2d 851, 859 (10th Cir. 1976). If the judge finds the affidavit to be legally insufficient, the judge may deny the motion for recusal. *Toth*, 862 F.2d at 1388 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case."); *see also Davis v. Commissioner of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984) (noting that, "[u]nder the statutory standard for judicial

1  disqualification, judges are charged with an affirmative duty to probe the legal sufficiency of
2  petitioner's affidavit of prejudice and not to disqualify themselves unnecessarily").

3  "[T]o be legally sufficient, the affidavit must meet three requirements. It must state facts
4  which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial
5  source (2) may prevent a fair decision on the merits. The focus is not only on the source of the
6  facts and their distorting effect on a decision on the merits . . . , but also on (3) the substantiality of
7  the support given by these facts to the allegation of bias." *United States v. Azhocar*, 581 F.2d 735,
8  739-40 (9th Cir. 1978). "An affidavit based on conclusions, opinions, or rumors is not a sufficient
9  basis for recusal." *Chang v. Rockridge Manor Condominium*, Case No. 07-cv-4005-EMC, 2008
10 WL 901777, at *1 (N.D. Cal. March 31, 2008); *see also Hodgson v. Liquor Salesmen's Union*,
11 444 F.2d 1344, 1348 (2d Cir. 1971) ("Mere conclusions, opinions, rumors or vague gossip are
12 insufficient"); *United States v. Platshorn*, 488 F. Supp. 1367, 1368 (S.D. Fla. 1980) ("Although
13 the Court may not decide the truth of the facts alleged in the affidavit, there is no requirement that
14 the Court accept the affiant's conclusions or her speculations.").

15 If the judge against whom an affidavit of bias is filed determines that it is timely and
16 legally sufficient, the judge "shall proceed no further therein, but another judge shall be assigned
17 to hear such proceeding." 28 U.S.C. § 144; *see also* Civ. L.R. 3-14 (judge must refer motion for
18 recusal to the Clerk for reassignment to another judge when the judge finds the affidavit to be
19 "neither legally insufficient nor interposed for delay").

20 Section 455 requires a judge to recuse "in any proceeding in which his impartiality might
21 reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party." 28
22 U.S.C. § 455(a), (b)(1). "As with § 144, the provisions of § 455(a) & (b)(1) require recusal only if
23 the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made
24 during the course of the proceeding." *Toth*, 862 F.2d at 1388. Also, as with § 144, it is
25 appropriate for a judge to deny a recusal motion if the motion is legally insufficient. *Id.*

26 Here, Plaintiff's motion and supporting declaration are legally insufficient, and thus
27 Plaintiff's request must be denied. Plaintiff relies on his filing of an action against the
28 undersigned in federal court as the sole basis for his motion. Mot. 2. But filing a separate action

against a presiding judge does not necessitate the judge's recusal. *See United States v. Martin-Trigona*, 759 F.2d 1017, 1020 (2d Cir. 1985) (judge "properly refus[ed] to recuse himself" after party had initiated a lawsuit against him); *c.f. United States v. Bell*, 1996 WL 583658, at *1 (9th Cir. 1996) (unpublished) (no clear error in denial of recusal motion alleging bias arising from filing of a judicial misconduct complaint); *In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000) (noting that if a judge had to disqualify himself or herself because a litigant alleged misconduct, then "litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause.")

The Court notes that denial of Plaintiff's motion comports with the Code of Conduct for United States Judges ("Code of Conduct"). Echoing 28 U.S.C. § 455, Canon 3(C)(1) of the Code of Conduct requires that a judge disqualify himself or herself when the judge's impartiality "might reasonably be questioned," including instances in which "the judge has a personal bias or prejudice concerning a party." *See* Guide to Judiciary Policy Vol. 2A (2019).[1] Analyzing this Canon, the Judicial Conference of the United States's Committee on Codes of Conduct has advised:

> A judge is not automatically disqualified from participating in other, unrelated cases involving the same litigant, whether they are filed before or after the complaint in which the judge is a defendant. Judicial immunity usually will be a complete defense against a new complaint of this nature, and the court in which the complaint is filed likely will dismiss it as frivolous. In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.
>
> Although there might be some question regarding the impartiality of the judge in these situations, Canon 3C(1) requires that the basis for questioning a judge's impartiality must be "reasonable" for the judge to be required to recuse. The factors the judge should consider in making the reasonableness determination are identified above, i.e., the nature of the complaint, the applicable law, and other relevant circumstances.

---

[1] https://www.uscourts.gov/sites/default/files/code_of_conduct_for_united_states_judges_effective_march_12_2019.pdf

Guide to Judiciary Policy, Vol. 2B, § 220, No. 103.[2]

A review of Plaintiff's complaint in *Malberg v. Nagle et al.*, No. 5:22-cv-05027-EJD, confirms that recusal is not required. The complaint appears to recite no allegations directed toward the undersigned. At best, Plaintiff might be attempting allege that the undersigned violated Plaintiff's constitutional rights by granting Defendants' motion to dismiss in this matter. Additionally, *Malberg v. Nagle et al.*, No. 5:22-cv-05027-EJD, is not related to any case assigned to this judge. Thus, recusal is not required. *See* Guide to Judiciary Policy, Vol. 2B, § 220, No. 103 (explaining that a complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant.).

Accordingly, Plaintiff's motion is denied.

**IT IS SO ORDERED.**

Dated: November 9, 2022

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] https://www.uscourts.gov/sites/default/files/code_of_conduct_for_united_states_judges_effective_march_12_2019.pdf

4