United States District Court<br>Northern District of California

1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 MARTIN MALBERG,                    Case No.  22-cv-01788-BLF

8               Plaintiff,

9       v.                          **ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT**

10 ROBERT CASHEN, et al.,

11               Defendants.         [Re: ECF No. 65]

12

13         The Court has reviewed Plaintiff's motion to alter judgment (ECF No. 65), which "moves

14 the court to alter the initial judgment that may have been based on claims, rights declarations, and

15 evidence of rights and violations in a format not accepted by the court."  The Court construes

16 Plaintiff's motion as motion to alter or amend a judgment under Federal Rule of Civil Procedure

17 59(e).  Defendants oppose Plaintiff's motion.  *See* ECF No. 72.  The motion was not noticed for

18 hearing, and the Court finds it suitable for decision without oral argument.  *See* Civ. L.R. 7-1(b).

19         Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a

20 judgment within 28 days after the entry of the judgment.  The Ninth Circuit has identified "four

21 basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to

22 correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is

23 necessary to present newly discovered or previously unavailable evidence; (3) if such motion is

24 necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening

25 change in controlling law."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

26 Under unusual circumstances, situations outside those listed above may provide grounds for relief

27 under Rule 59(e).  *See id.*  However, "the rule offers an extraordinary remedy, to be used sparingly

28 in the interests of finality and conservation of judicial resources."  *Kona Enterprises, Inc. v. Estate*

*of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quotation marks and citation omitted).

Plaintiff has not demonstrated a basis for this extraordinary remedy in this case.  Plaintiff does not attempt to identify any specific basis upon which a Rule 59(e) motion may be granted. He points to no purported errors of law or fact upon which the judgment rests (ground 1); newly discovered evidence (ground 2); or change in intervening law (ground 4).  Although he posits that "initial judgment that may have been based on claims, rights declarations, and evidence of rights and violations in a format not accepted by the court," he identifies no material "claims, rights declarations, [or] evidence of rights and violations" that the Court did not accept.  Plaintiff has not demonstrated that the dismissal of this suit was manifestly unjust (ground 3).

Plaintiffs' motion to alter or amend judgment pursuant to Rule 59(e) is therefore DENIED.

**IT IS SO ORDERED.**

Dated:  January 3, 2023

_____

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2